FILED
Apr 09, 2024
07:47 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Tiffany Gray | ) Docket No. 2022-08-0500 |
| | ) |
| v. | ) State File No. 40950-2022 |
| | ) |
| Sedgwick Claims Management, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Shaterra R. Marion, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts the trial court erred in ordering her to attend a medical examination with a physician of the employer's choice. The employee asserted, among other arguments, that the employer's request was unreasonable because of her prior interactions with the physician's office, which she claimed were unsatisfactory. The employer responded that its request for a medical examination of the employee was proper and reasonable under applicable statutory provisions. The trial court agreed with the employer and granted its motion, and the employee has appealed. Upon due consideration of the record, we affirm the trial court's order, find the employee's appeal frivolous, and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Tiffany Gray, Memphis, Tennessee, employee-appellant, pro se

A. Allen Grant and Ryan A. Mirian, Nashville, Tennessee, for the employer-appellee, Sedgwick Claims Management, Inc.

**Memorandum Opinion[1]**

Tiffany Gray ("Employee") was hired on or about February 14, 2022, by Sedgwick Claims Management, Inc. ("Employer"), in an operations support position. When she was hired, Employee believed the position would be fully remote. The following week, however, Employer instructed Employee to report to its office to work. Employee objected and sought an accommodation to allow her to continue working from home, but her accommodation request was denied. Employee alleged that on her first day reporting to the office, she suffered an asthma attack. She has further alleged that being required to work in the office resulted in a number of medical and mental problems, including sinus problems, neurological problems, gastrointestinal problems, bladder problems, mental anguish, and breathing problems. She reported that these conditions manifested on or about February 22, 2022, eight days after her hire date. She has sought treatment for various conditions, including allergic rhinitis, dermatitis, urticaria, breathing difficulties, and mental stress.

Employer denied Employee's claim for workers' compensation benefits, asserting her various medical conditions did not arise primarily out of or in the course and scope of her employment. In an affidavit filed in support of her claim on May 24, 2023, Employee asserted that she had been subjected to "unfair treatment" at work and that she had "sustained injuries most largely to my mental health, sinuses, nose, eyes, . . . nervous system, and stomach or uterine functions." She claimed that Employer "would not allow me to work in a way that lessened my contact with physical environments nor lessened contact with people who may have been acting in a discriminatory and aggressive way." She alleged her manager had created "mental strain" but did not describe any specific incidents at work she claimed caused her mental injury.

Thereafter, several discovery disputes arose that necessitated court action. In response to one of Employer's motions to compel Employee's responses to written discovery requests, Employee asserted she was entitled to "healthcare that addresses the mental turmoil that is accompanied with physical pain that occurs when digging into these issues." She claimed that if she were compelled to respond to Employer's written discovery requests, "then healthcare must be provided to alleviate suffering" because "conversing with and about [Employer] is physically and emotionally harmful." Ultimately, the court entered three separate orders compelling Employee to provide complete responses to written discovery, and those orders were not appealed.

On January 8, 2024, Employer filed a motion asking the court to compel Employee to attend a medical examination it had scheduled with Dr. Rande Lazar for

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

January 10, which Employee had stated she would not attend. In support of its motion, Employer cited Tennessee Code Annotated section 50-6-204(d)(1) and Tennessee Rule of Civil Procedure 35.01.[2]

In response, Employee claimed that she had prior dealings with Dr. Lazar's office and had considered undergoing surgery performed by Dr. Lazar, but his office had allegedly refused her request to release medical records, leading her to cancel the surgery. She alleged that she "suspect[ed] that there may be a relationship with [Employer] causing interference care [sic]." Employee asserted that acceding to Employer's request to attend a medical examination by Dr. Lazar felt "morally wrong if not illegal."

On January 17, 2024, the trial court entered an order compelling Employee to attend the medical examination Employer had requested. The court noted that, under Tennessee Code Annotated section 50-6-204(d)(1), an employer has the right to seek a medical examination "at all reasonable times." Moreover, we have previously interpreted this provision to require an employee's compliance if the employer's request is "reasonable . . . in light of the surrounding circumstances." *King v. Big Binder Express, LLC*, No. 2016-07-0378, 2016 TN Wrk. Comp. App. Bd. LEXIS 92, at *10 (Tenn. Workers' Comp. App. Bd. Dec. 7, 2016) (citing *Overstreet v. TRW Commer. Steering Div.*, 256 S.W.3d 626, 639 (Tenn. 2008)). In concluding that Employer's request was reasonable, the court noted that Employee "has placed her respiratory ailments into question" and that "there is no legal support" for the proposition that Employee's alleged prior difficulties with Dr. Lazar's office rendered the request unreasonable. Employee has appealed.

After the trial court's order was entered, Employee filed an "Answer to Motion to Compel IME." In that pleading, Employee asserted that "The [Americans with Disabilities Act] prohibits discrimination on the basis of disability" and that Employer "is aware of . . . [Employee's] disability." In her notice of appeal, Employee argues that Employer "interfered with the employee's ability to receive fair and impartial medical treatment."[3] Employee did not file a brief on appeal and has not offered any theory or legal argument as to how the trial court erred in the order she is appealing.

---

[2] Tennessee Rule of Civil Procedure 35.01 authorizes a court to order a party to attend a physical or mental examination "when the mental or physical condition . . . of a party . . . is in controversy."

[3] In *Anderson v. Save-A-Lot, Ltd.*, 989 S.W.2d 277 (Tenn. 1999), the Tennessee Supreme Court addressed a claim for workers' compensation benefits in which the employee alleged harassing and/or discriminatory conduct on the part of the employer or one of its supervisory employees. The Court, in affirming an order granting summary judgment to the employer, concluded that it was the Tennessee Human Rights Act, not the Tennessee Workers' Compensation Law, that provided a possible remedy for the harassing conduct alleged by the employee. *Id.* at 289-90.

As we have noted on previous occasions, parties who elect to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> [C]ourts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (internal citations omitted).

Here, Employee has offered no explanation, statement, or theory as to how the trial court erred in ordering her to attend the medical examination scheduled by Employer. Her grievances appear to be related to her prior dealings with Dr. Lazar's office, but she offered no admissible evidence concerning her prior contacts with Dr. Lazar's office that would call into question the reasonableness of Employer's request for a medical examination with this physician. Based on our review of the record, we conclude Employer's request was reasonable, and the trial court's order appropriately considered applicable law in light of the facts of this case. We therefore affirm the trial court's order in its entirety.

Although Employer has not asked that we find Employee's appeal frivolous, we exercise our discretion under Tenn. Comp. R. and Regs. 0800-02-22-.09(4) to do so. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016) (citing *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978)). Stated another way, "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015) (citations omitted). Here, Employee did not file a brief on appeal and did not offer any statement on her notice of appeal that could be characterized as a legal argument. The document she filed after the trial court's order had been entered did not cite any relevant statutory or case law. In short, Employee's appeal is devoid of merit. However, our Supreme Court has also stated that "imposing a penalty for a frivolous appeal . . . should not be asserted lightly or granted unless clearly applicable." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010). Although we conclude Employee's appeal is frivolous, we exercise our discretion not to award sanctions or penalties in this appeal. For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal were waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tiffany Gray | ) | Docket No. 2022-08-0500 |
| | ) | |
| v. | ) | State File No. 40950-2022 |
| | ) | |
| Sedgwick Claims Management, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of April, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Tiffany Gray | | | | X | thetiffanymgray@gmail.com |
| A. Allen Grant<br>Ryan Mirian | | | | X | agrant@eraclides.com<br>rmirian@eraclides.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov